**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x
BARTON LLP,

                Plaintiff,

    -against-

MAHO PARTNERS, LLC

                Defendant.

------------------------------------- x

MEMORANDUM DECISION AND ORDER

21 Civ. 3108 (GBD) (RWL)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Barton LLP commenced this action on April 9, 2021, by the filing of a Summons and Complaint alleging a breach of contract claim against Defendant Maho Partners, LLC ("Maho") for a failure to make payments pursuant to a settlement agreement between the parties. (Complaint, ECF No. 3.) On May 5, 2021, Defendant's managing member, a non-attorney, answered the complaint and filed counterclaims against Plaintiff. (Answer, ECF No. 10.)

    After Plaintiff informed Maho twice that it must obtain counsel to appear in the case and the Court adjourned an initial pretrial conference twice to provide Maho time to obtain counsel, Maho finally appeared with counsel on November 3, 2021. However, on December 27, 2021, Maho's counsel moved to withdraw from the case. (Mot. to Withdraw, ECF No. 34.) On January 4, 2021, the Court granted the motion to withdraw and ordered Defendants to obtain new counsel in 30 days. (Order, ECF No. 38.) Defendant failed to comply with the January 4, 2021 Order. On February 28, 2022, Magistrate Judge Robert W. Lehrburger "provide[d] Defendant with a final opportunity to appear." (Order, ECF No. 40.) Magistrate Judge Lehrburger ordered Defendant to appear through counsel no later than March 14, 2022. (*Id.*) The Order warned Defendant that "[i]f Defendant fails to do so, it will be in default and subject to default judgment in Plaintiff's favor."

(*Id.*) Defendant did not appear through counsel by March 14, 2022. On March 28, 2022, Plaintiff moved for default judgment.

Before this Court is Magistrate Judge Lehrburger's May 24, 2022 Report and Recommendation (the "Report"), recommending that this Court grant default judgment against Defendant and award Plaintiff $256,815 in damages, plus prejudgment interest at the statutory rate of 9%, and $402.00 in costs. (The Report, ECF No. 54.) The Report also recommends that this Court dismiss Defendant's counterclaims. In his Report, Magistrate Judge Lehrburger advised the parties that a failure to file timely objections would constitute a waiver of those objections on appeal. (*Id.* at 13.) The parties did not file any objections. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

First, as the Report makes clear, a corporation may only be represented through counsel. *Jones v. Niagara Frontier Transportation Authority*, 722 F.2d 20, 22 (2d Cir. 1983) ("The rule that a corporation may litigate only through a duly licensed attorney is venerable and widespread."). This rule goes so far as to proscribe a non-attorney from representing a "corporation even if they are the sole shareholder" of the corporation. *United States ex rel. Mergent Services. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008). Thus, Magistrate Judge Lehrburger did not err in finding that Maho had failed to appear and was in default. Second, the Report lays bare that Plaintiff's well-pled allegations "establish Defendant's liability for breach of contract." (Report 8-10.) Third, given that the settlement agreement clearly stated the damages Defendant was to pay if Maho did not fulfill its part of the bargain, "Barton has provided sufficient evidence to support" damages totaling $256,816.50, with prejudgment interest at the statutory rate of 9%, and $402.00 in costs. (Report 10-12.)

Thus, Defendant having failed to timely obtain counsel to appear in this case, and the time for obtaining counsel having expired, it is hereby:

ORDERED, ADJUDGED, AND DECREED that Plaintiff Barton LLP have judgment, plus prejudgment interest at the statutory rate of 9%, and costs against Defendants.

The Clerk of Court is hereby ORDERED to enter final judgment in favor of Plaintiff against Defendants for damages in the amount of $256,816.50, plus prejudgment interest, and costs in the amount of $402.00. The Clerk of Court is directed to close the case, accordingly.

Dated: New York, New York
July 07, 2022

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

3